
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EXELON GENERATION COMPANY, LLC,

Petitioner,

CALIFORNIA PUBLIC UTILITIES COMMISSION; et al.,

Intervenors,

v.

FEDERAL ENERGY REGULATORY COMMISSION,

Respondent.

No.    15-73836

FERC No. EL00-95-280

MEMORANDUM*

On Petition for Review of an Order of the
Federal Energy Regulatory Commission

Submitted August 1, 2016**
San Francisco, California

Before: THOMAS, Chief Judge, and McKEOWN, and CLIFTON, Circuit Judges.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Exelon Generation Company, LLC ("Exelon"), successor in interest to AES New Energy, Inc., petitions for review of certain orders issued by the Federal Energy Regulatory Commission ("FERC"). We deny the petition for review. Because the parties are familiar with the history of the case, we need not recount it here.[1]

## I

FERC correctly concluded that the *Mobile-Sierra* presumption of reasonableness does not apply to Exelon's forward sale. *See generally Morgan Stanley Capital Grp., Inc. v. Pub. Util. Dist. No. 1*, 554 U.S. 527, 532-34 (2008) (explaining the presumption and its origins in *United Gas Pipe Line Co. v. Mobile Gas Serv. Corp.*, 350 U.S. 332 (1956) and *Fed. Power Comm'n v. Sierra Pac. Power Co.*, 350 U.S. 348 (1956)). FERC reasonably interpreted Section 19 of the Cal-ISO Tariff as a *Memphis* clause that permitted the California Independent System Operator Corporation ("Cal-ISO") unilaterally to seek modifications to contract rates. *See PSEG Energy Res. & Trade LLC v. FERC*, 665 F.3d 203, 208 (D.C. Cir. 2011) (establishing "two-step, *Chevron*-like" review for FERC's interpretations of filed tariffs), *Cal. ex rel. Harris v. FERC*, 809 F.3d 491, 502 n.6

---

[1] The panel's January 20, 2016, order consolidated this and several petitions for argument. We sever this petition from that group in an order filed concurrently with this disposition.

(9th Cir. 2015) (describing holding in *United Gas Pipe Line Co. v. Memphis Light, Gas & Water Div.*, 358 U.S. 103, 110-13 (1958), that parties may contract out of the *Mobile-Sierra* presumption by specifying in their contracts that a new rate filed with the Commission would supersede the contract rate).

Exelon provides no authority for the argument that Cal-ISO could opt out of the *Mobile-Sierra* presumption only by "mak[ing] a Section 205 rate filing." *See Morgan Stanley*, 554 U.S. at 534 ("[P]arties c[an] contract out of the *Mobile-Sierra* presumption by *specifying in their contracts* that a new rate filed with the Commission would supersede the contract rate.") (emphasis added). Accordingly, the *Mobile-Sierra* doctrine does not apply to Exelon's forward sale. FERC therefore properly assessed whether that sale's terms were just and reasonable. *See San Diego Gas & Elec. Co. v. Sellers of Energy*, 149 FERC ¶ 61,116 at paras. 216, 230 (Nov. 10, 2014).

## II

Substantial evidence supports FERC's finding that the terms of Exelon's forward sale were unjust and unreasonable. *See San Diego Gas & Elec. Co.*, 149 FERC ¶ 61,116 at paras. 230-36, 16 U.S.C. § 825*l*(b) (2012). This conclusion follows from our decision in *Pub. Utils. Comm'n of State of Cal. v. FERC*, 462 F.3d 1027 (9th Cir. 2006). In that case, we held that FERC reasonably mitigated

3

out-of-market ("OOM") spot electricity transactions entered by Cal-ISO between October 2, 2000, and June 20, 2001 (the "Refund Period"). *Id.* at 1051-53. We defined "spot" transactions as "sales that are 24 hours or less and that are entered into the day of or day prior to delivery." *Id.* at 1055. We upheld FERC's mitigation of such transactions because "there was systemic dysfunction in the wholesale energy market and . . . during the time that Cal-ISO was making OOM purchases, it was in an emergency must-buy situation, which gave the sellers even greater market power[.]" *Id.* at 1052. Substantial evidence supports FERC's conclusion that these conditions prevailed during December 2000. *See also id.* at 1056-57 (crediting expert testimony establishing that "purposeful[] manipulat[ion] [of] short-term energy markets . . . [had] forc[ed] Cal-ISO to buy necessary energy outside of the spot market at higher prices *and for longer contract periods*") (emphasis added).

Exelon has not distinguished its forward sale from the out-of-market transactions that we held that FERC reasonably mitigated. Exelon correctly observes that forward sales shift risk. But Exelon does not explain why the risk associated with a "forward" sale for 32 hours, beginning three hours after the sale's execution, produces a Section 206 result different than the risk associated with a

"spot" sale for 24 hours, beginning 24 hours after the sale's execution. *See id.* at 1055.

Moreover, we cannot hold FERC's Section 206 determination arbitrary or capricious for failing to recognize that Exelon's forward sale would "create stability in power supply costs[.]" *See* 5 U.S.C. § 706(2)(A) (2012). Exelon's sale created no such stability: Cal-ISO agreed to pay Exelon's costs, which—according to an Exelon expert and Cal-ISO's dispute logs—varied over the duration of the transaction. Indeed, the parties' "expectation[s] of future prices" in no way determined the transaction's terms, *see San Diego Gas & Elec. Co. v. Sellers of Energy*, 153 FERC ¶ 61,144 at para. 159 (Nov. 4, 2015), which merely passed Exelon's moment-to-moment costs on to Cal-ISO.[2] FERC reasonably determined that Exelon's forward sale "was very similar to OOM spot transactions . . . previously mitigated[.]" *San Diego Gas & Elec. Co.*, 149 FERC ¶ 61,116 at para. 230. Therefore, we deny the petition for review.

**PETITION DENIED**.

_____

[2] Exelon has not yet sought this court's review of FERC's determinations regarding the company's cost offset filing. Accordingly, we reserve the question whether those determinations were arbitrary and capricious.